Patrick D. Robbins (Bar No. 152288)
*probbins@shearman.com*
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, California  94105
Telephone: (415) 616-1100
Facsimile:  (415) 616-1199

Adam S. Hakki (*pro hac vice* to be submitted)
*ahakki@shearman.com*
Daniel C. Lewis (*pro hac vice* to be submitted)
*daniel.lewis@shearman.com*
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022-6069
Telephone:  (212) 848-4000
Facsimile:   (646) 848-4924

*Attorneys for the Underwriter Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BLOOM AND SHARON BURNSTEIN, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | Removed from San Mateo Superior Court, Case No. 16CIV00884 |
| GOLDMAN, SACHS & CO., *et al.*, | |
| Defendants. | |

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Goldman, Sachs & Co., J.P. Morgan Securities

LLC, Morgan Stanley & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche

Bank Securities Inc., Macquarie Capital (USA), Inc., and MCS Capital Markets LLC (hereinafter

"Underwriters") hereby remove Case No. 16CIV000884, currently pending in the Superior Court of

the State of California, County of San Mateo, and all claims and causes of action therein (the

"Action"), to the United States District Court for the Northern District of California.  As grounds

for removal, the Underwriters state as follows:

**JURISDICTION**

1.      This Action may be removed under 28 U.S.C. § 1452(a) because it is "related to" a

pending case under Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy

Code").  This Court therefore has original jurisdiction over this Action pursuant to 28 U.S.C.

§ 1334(b).

2.      This Court is part of the "district and division" embracing the place where this

Action was filed—in Redwood City, in San Mateo County, California.  *See* 28 U.S.C. § 84(c); Fed.

R. Bankr. P. 9027(a).

**PROCEDURAL HISTORY**

3.      On August 11, 2016, plaintiffs Charles Bloom and Sharon Burnstein, individually

and on behalf of all others similarly situated (hereinafter "Plaintiffs"), filed a complaint entitled

*Bloom, et al. v. Goldman, Sachs & Co., Inc., et al.* (hereinafter the "Complaint") in the Superior

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

Court of the State of California, County of San Mateo (hereinafter "State Court Action").  A copy of the Complaint is attached hereto as Exhibit 1.[1]

4.      The Complaint alleges that on August 19, 2015, SunEdison, Inc. ("SunEdison") issued 650,000 shares of 6.75% Series A Convertible Preferred Stock (the "SunEdison Preferred Offering").  Compl. ¶ 3.  This security is herein referred to as the "Subject Security."

5.      The Complaint alleges that on or about September 14, 2015, Plaintiff Charles Bloom purchased 50 shares of the Subject Security at $836.13 per share. Comply. ¶ 17.  The Complaint further alleges that on or about September 14, 2015, Plaintiff Sharon Burnstein purchased 50 shares of the Subject Security at the same share price.  Compl. ¶ 18.

6.      The Complaint alleges that Plaintiffs purchased the Subject Security pursuant to offering documents that contained untrue statements of material fact and omitted to state other material facts necessary to make the statements made in the offering documents not misleading in violation of Sections 11 and 12 of the Securities Act of 1933 ("the 1933 Act"). Compl. ¶¶ 68-81; Causes of Action Nos. 1-2.

7.      The State Court Action is a putative class action, brought on behalf of all those who purchased the Subject Security pursuant to or traceable to SunEdison's Offering and Registration Statement, and who were damaged thereby.  Compl. ¶¶ 13, 62.

8.      No discovery has taken place in connection with the Action.

9.      The Underwriters' time to respond to the Complaint has not expired, and they have not pled, answered, or otherwise generally appeared in the Action.

10.     No motions or other proceedings are pending in the Action.

_____

[1] Prior to filing this complaint, on April 4, 2016 the same plaintiffs and counsel filed *Bloom, et al. v. SunEdison, Inc., et al.*, also in the Superior Court of the State of California, San Mateo County, and arising out of the plaintiffs' purchase of the same securities at issue here.  On April 26, 2016, defendants removed the case to the United States District Court for the Northern District of California, where the case is currently pending.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TIMELINESS OF REMOVAL**

11.     On April 21, 2016, SunEdison filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  *See In re SunEdison, Inc. et al.*, No. 16-10992-SMB (Bankr. S.D.N.Y. filed April 21, 2016) ("SunEdison Bankruptcy Case").  As discussed in paragraphs 14-21, each of the claims asserted in the Action is "related to" the SunEdison Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b).  This Court accordingly has original jurisdiction over the Action, thus providing a basis for removal under 28 U.S.C. § 1452(a).

12.     Removal of this Action is timely under Rule 9027 of the Federal Rules of Bankruptcy Procedure ("Rule 9027"), which provides that a civil action that is asserted after the bankruptcy case is commenced may be removed within 30 days after receipt, through service or otherwise, of a copy of the initial pleading in the civil action.  *See* Fed. R. Bankr. P. 9027(a)(3).  Because this Action was removed within 30 days of the Underwriters' receipt of a copy of the Complaint, removal is timely under Rule 9027.

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1452(A)**

## **("RELATED-TO" BANKRUPTCY JURISDICTION)**

13.     Removal is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because the Action is "related to" the SunEdison Bankruptcy Case.

14.     Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  In turn, 28 U.S.C. § 1334(b) confers jurisdiction upon this Court of all civil proceedings that are "related to cases under" the Bankruptcy Code.  This Court has original jurisdiction over this Action pursuant to

28 U.S.C. § 1334(b), and this Action may therefore be removed to this Court by Defendants pursuant to 28 U.S.C. § 1452(a) because the Action is "related to" the SunEdison Bankruptcy Case.

15.     This Action is "related to" the SunEdison Bankruptcy Case because it could conceivably affect SunEdison's bankruptcy estate in multiple respects.  *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005); *Lone Star Fund V*, 594 F.3d 383, 386 (5th Cir. 2010) ("Federal courts have 'related to' subject matter jurisdiction over litigation arising from a bankruptcy case if the 'proceeding could conceivably affect the estate being administered in bankruptcy.'"  (quoting *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007))); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 307-308 (1995) ("Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth.").

16.     This Action is "related to" the SunEdison Bankruptcy Case because the Underwriters have claims against SunEdison for indemnification pursuant to section 9 of the Underwriting Agreement dated August 18, 2015, by and among SunEdison and Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Deutsche Bank Securities Inc., Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, and Macquarie Capital (USA) Inc. (as Representatives of the Underwriters).  Under the Underwriting Agreement, SunEdison agreed to "indemnify and hold harmless each Underwriter . . . against any losses, claims, damages or liabilities, joint or several, to which they or any of them may become subject under the [1933] Act . . . insofar as any such losses, claims, damages or liabilities (or actions in respect thereof) arise out of or are based upon" any alleged misstatements or omissions contained in offering documents concerning the offering of the Subject Security.[2]  On July 1, 2016, Goldman, Sachs & Co. submitted a proof of claim in the SunEdison Bankruptcy Case, on behalf of itself and the other Underwriters, on account of, among

---

[2] A true and correct copy of the Underwriting Agreement is attached hereto as Exhibit 2.

1  other things, SunEdison's indemnification obligations to the Underwriters pursuant to the

2  Underwriting Agreement.[3]

3       17.    Numerous courts in the Ninth Circuit have held that an action is "related to" a

4  bankruptcy case where there is an indemnification agreement between the defendant in the action

5  and a debtor, even if the defendant is not guaranteed indemnification and its claim for

6  indemnification is contingent.  *See Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL

7  22025158, at *1–2 (C.D. Cal. Jun. 30, 2003) (finding claims by purchasers of WorldCom bonds

8  against underwriters and/or auditors of WorldCom's public offerings were within "related to"

9  jurisdiction because defendants had written indemnification agreements with WorldCom for

10  liabilities arising from false or misleading statements contained in registration statements or

11  prospectus related to bond offerings); *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003)

12  (similar); *see also Hendricks v. Detroit Diesel Corp.*, 2009 WL 4282812, at *6 (N.D. Cal. Nov. 25,

13  2009); *Parke v. Cardsystems Sols., Inc.*, 2006 WL 2917604, at *4 (N.D. Cal. Oct. 11, 2006); *In re*

14  *Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 WL 4712177, at *2 (W.D. Wash. Oct.

15  6, 2011).[4]

[3] A true and correct copy of Proof of Claim #593, submitted by Goldman, Sachs & Co. on behalf of itself and the other Underwriters, is attached hereto as Exhibit 3.

[4] *See also Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 447 B.R. 302, 308-12 (C.D. Cal. 2010) ("related to" bankruptcy jurisdiction existed based on indemnity provisions in mortgage loan purchase agreements between Countrywide Home Loans, Inc. and debtor American Home Mortgage Corporation); *Dexia Holdings, Inc. v. Countrywide Fin. Corp.,* No. 2:11-cv-07165-MRP (MANx), slip op. at 3 (C.D. Cal. Nov. 8, 2011) (same); *Fed. Housing Fin. Agency v. Countrywide Fin. Corp.,* No. 2:12-cv-01059-MRP (MANx); slip op. at 1 (C.D. Cal. Apr. 5, 2012) ("As in *Stichting,* the filing of this lawsuit triggered indemnification rights that will impact the bankruptcy estates; The Court finds that bankruptcy related-to jurisdiction is appropriate."); *Lone Star Fund V (US;), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 386-87 (5th Cir. 2010) ("related to" bankruptcy jurisdiction existed where third-party debtor agreed to indemnify MBS seller "in a variety of circumstances, including any breach of a representation about the mortgages . . and any claims made against [the seller] by third parties").

18.     This Action is "related to" the SunEdison Bankruptcy Case because the Underwriters have claims against SunEdison for statutory contribution for Plaintiffs' claims arising under Section 11 of the Securities Act of 1933.  Section 11(f) (codified at 15 U.S.C. § 77k(f)) provides that "[E]very person who becomes liable to make any payment under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable to make the same payment, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation."  *AmeriPride Servs. Inc. v. Texas E. Overseas Inc*., 782 F.3d 474, 490 n.7 (9th Cir. 2015) (quoting 15. U.S.C. § 77k(f)(1)).  Courts have repeatedly held that such statutory contribution claims confer "related to" bankruptcy jurisdiction.  *See In re WorldCom, Inc. Sec. Litig*., 293 B.R. 308, 320 (S.D.N.Y. 2003) (finding that State court action was "related to" bankruptcy case "[b]ecause the effect of contribution claims [pursuant to 15 U.S.C. § 77k(f)(1)] on the bankruptcy estate is at the very least "conceivable").[5]

19.     This Action is "related to" the SunEdison Bankruptcy Case because the Underwriters have an implied right of contribution against SunEdison for Plaintiffs' claims arising under Section 12 of the Securities Act of 1933.  *See In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*, 682 F. Supp. 1073, 1092 (C.D. Cal. 1987) ("[c]ourts have recognized implied rights of contribution under [ ] § 12(2)) (internal citations and quotations omitted); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1383 (N.D. Cal. 1980) ("a party is permitted to receive contribution, even if found to have violated s 10(b), Rule 10b-5, s 17(a), and s 12(2). . . .  Accordingly, contribution is permitted under federal law.")  (internal

---

[5] Assuming, *arguendo*, that it is necessary for the Underwriter Defendants to show a "close nexus to a federal bankruptcy proceeding," which it is not, this case would still be related to the SunEdison Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b) because their claims against SunEdison directly affect the administration of SunEdison's bankruptcy proceedings and the amounts available for distribution to creditors in those proceedings. *See, e.g., Stichting Pensioenfonds ABP*, 447 B.R. at 310-11; *Allstate Ins. Co. v. ACE Sec. Corp*., 2011 U.S. Dist. LEXIS 91989, at *14-15 (S.D.N.Y. Aug. 17, 2011).

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

citations and quotations omitted).  *But See Pinter v. Dahl*, 486 U.S. 622, 631 (1988) (expressing "no view as to whether a right of contribution exists under § 12(1)").[6]

20.     This Action is "related to" the SunEdison Bankruptcy Case because "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy…An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.*"  *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis in original; citation omitted).  In this Action, findings of fact or judgments in favor of or against any of the other Underwriters could impact SunEdison's own rights and liabilities with respect to the Action.  Moreover, as explained above, assets of the bankruptcy estate include possible rights of indemnity and contribution from the Underwriters to SunEdison related to Claims in the Action.  Any decision in the Action affecting rights to indemnity or contribution may impact the administration of the bankruptcy estate.  So too would any findings of fact or decisions in the Action that could support claims for contribution or indemnity in favor of or against SunEdison.

## SECTION 22(A) OF THE 1933 ACT DOES NOT BAR REMOVAL

21.     Plaintiffs' claims under the 1933 Act do not render this Action non-removable under the "removal bar" provision of Section 22(a) of the 1933 Act, 15 U.S.C. § 77v ("Section 22(a)").  Section 22(a) precludes the removal of actions under the general removal statute, 28 U.S.C. § 1441(a), but "does not prevent removal based on other grounds."  *Pac. Life Ins. Co.*, 2003 WL 22025158 at *2.

22.     Plaintiffs' claims are removable under 28 U.S.C. § 1452 notwithstanding the removal bar of Section 22(a).  *See Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86,

---

[6] *See* Ex. 3 at ¶ 3.

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

108 (2d Cir. 2004) ("[G]enerally nonremovable claims brought under the Securities Act of 1933 may be removed to federal court if they come within the purview of 28 U.S.C. § 1452(a), which confers federal jurisdiction over claims that are related to a bankruptcy case."); *accord Fed. Home Loan Bank of San Francisco v. Deutsche Bank Sec., Inc.*, 2010 WL 5394742, at *6 (N.D. Cal. Dec. 20, 2010); *Carpenters Pension Trust for Southern California v. Ebbers*, 299 B.R. 610, 613-615 (C.D. Cal. Sept. 9, 2003); *see also* Order Denying Plaintiffs' Motion to Remand, *Luther v. Countrywide Fin. Corp.*, No. 12-cv-5125 (C.D. Cal. Aug. 31, 2012).

## **PROCEDURAL REQUIREMENTS AND LOCAL RULES**

23.     The Underwriters state that the claims asserted against them are non-core within the meaning of 28 U.S.C. § 157(b)(2).  As required by Rule 9027(a)(1), the Underwriters state that they do not consent to entry of final order of judgment by any bankruptcy judge.

24.     As required by 28 U.S.C. § 1446(a) and Rule 9027(a)(1), copies of all process, pleadings, and orders are attached hereto as Exhibit 1.

25.     Pursuant to 28 U.S.C. § 1446(d) and Rule 9027(b), written notice of the filing of this Notice of Removal and a copy thereof will be given to all parties.

26.     Consent to removal is not required under the bankruptcy removal statute.  *See* 28 U.S.C. § 1452(a).  Nonetheless, all defendants named and/or served in this Action consent to the removal of this Action.

27.     The Underwriters sign this Notice of Removal under Rule 11 of the Federal Rules of Civil Procedure and Rule 9011 of the Federal Rules of Bankruptcy Procedure.

28.     The Underwriters reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement" of the grounds for removal.  Fed. R. Bankr. P. 9027(a).

## **CONCLUSION**

1

2          29.     This Court has original jurisdiction over this Action under 28 U.S.C. § 1334(b), and

3    this Action is removable under 28 U.S.C. § 1452(a).

4    Dated:  August 24, 2016                              Respectfully Submitted,

5

6                                                    By:   /s/  Patrick D. Robbins

7                                                          Patrick D. Robbins (Bar No. 152288)
8                                                          *probbins@shearman.com*
                                                         SHEARMAN & STERLING LLP
9                                                          535 Mission Street, 25th Floor
                                                         San Francisco, California  94105
10                                                         Telephone: (415) 616-1100
                                                         Facsimile:  (415) 616-1199
11

12                                                         Adam S. Hakki (*pro hac vice* to be
                                                         submitted)
13                                                         *ahakki@shearman.com*
                                                         Daniel C. Lewis (*pro hac vice* to be
14                                                         submitted)
                                                         *daniel.lewis@shearman.com*
15                                                         SHEARMAN & STERLING LLP
                                                         599 Lexington Avenue
16                                                         New York, New York 10022-6069
                                                         Telephone:  (212) 848-4000
17                                                         Facsimile:   (646) 848-4924

18
                                                         *Attorneys for Underwriter Defendants*
19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION

## <u>SIGNATURE ATTESTATION</u>

I am the ECF User whose identification and password are being used to file the foregoing document.  In compliance with Civil L.R. 5-1, I hereby attest that the signatory has concurred in this filing.

Dated:  August 24, 2016                                Respectfully Submitted,


By:   /s/ Patrick D. Robbins
        Patrick D. Robbins (SBN 152288)

        SHEARMAN & STERLING LLP
        535 Mission Street, 25th Floor
        San Francisco, California  94105
        Telephone: (415) 616-1100
        Facsimile:  (415) 616-1199
        probbins@shearman.com

DEFENDANTS' NOTICE OF REMOVAL OF STATE COURT ACTION